1

**LOWE & ASSOCIATES, P.C.**
Steven T. Lowe, Esq. (SBN 122208)

2

8383 Wilshire Blvd., Ste. 1038

3

Beverly Hills, CA 90211
Telephone: (310) 477-5811

4

Facsimile: (310) 477-7672

5

steven@lowelaw.com

6

Counsel of record for

7

**Jane Doe**

8

9

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| **JANE DOE**, an Individual | Case No.: 3:25-cv-3001 |
| Plaintiff, | **PLAINTIFF JANE DOE'S NOTICE OF MOTION AND MOTION TO FILE PSEUDONYMOUSLY** |
| v. | **[Declaration of Jane Doe, Proposed Order Filed Concurrently]** |
| **LEILANI JOY GACUTAN**, an Individual; **MONIKA SWOBODA**, an Individual; **JULIEN DUFRESNE**, an Individual, and **ŁUCJA MATUSIAK**, an Individual; | Action Filed: April 1, 2025 |
| Defendants. | |

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**COMPLAINT**

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE THAT** at a time convenient to the above court located at 450 Golden Gate Avenue, San Francisco, CA 91402, Plaintiff Jane Doe hereby moves for an Order to allow Plaintiff to file pseudonymously for the purpose of protecting her physical and mental well-being from those harassing her online, including Defendants.

    As set forth in the accompanying Memorandum of Points and Authorities, the basis for this Motion is that Plaintiff has a reasonable fear of retaliation from Defendants and others within the online community in which the situation giving rise to this case has arisen if they are made privy to her identity. Additionally, the absence of Plaintiff's real name will not obstruct public scrutiny of the important issues in this case because the basic facts, the court's reasoning with respect to its rulings in this case, and the resulting interplay of those factors will be open to the public. Lastly, the public has a strong interest in seeing this case decided on the merits due to the growing concerns of cyberbullying in today's technological age, thus meaning Plaintiff should be able to proceed anonymously without fear of retaliation.

    This Motion is based upon this Notice, the concurrently filed memorandum of points and authorities, the concurrently filed declaration of Jane Doe, and on such other oral or documentary evidence as may be presented at any hearing on this Application.

Dated: April 1, 2025              Respectfully submitted,

                            LOWE & ASSOCIATES, P.C.

                            _____/s/Steven T. Lowe_____
                            Steven T. Lowe, Esq.
                            Attorney for Plaintiff

2

**COMPLAINT**

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff Jane Doe, by and through her undersigned counsel, moves the Court to allow her to file her Complaint using a pseudonym.

For over two years, Plaintiff has been the victim of an onslaught of hate and harassment online within the video game "Cyberpunk 2077" community. Doe Decl. ¶3; Complaint ¶7. She has been getting cyberbullied by Defendants and others, immensely damaging her reputation. Complaint ¶¶13-16, 19-42. Plaintiff has become fearful and distraught, having twice attempted suicide as a direct result of the conduct giving rise to this case. Doe Decl. ¶¶6, 10; Complaint ¶¶23, 42.

Plaintiff's fear of retaliation is reasonable considering the harassment has been ongoing for over two years and has been extremely caustic. Additionally, because Plaintiff's mental state is part of her case, her need for anonymity remains high due to the inherent social stigmatization that follows those with mental health issues.

The Defendants will not be prejudiced by not being provided with Plaintiff's real name because her online persona, "Zwei," will be included in the Complaint. Thus, Defendants will know who they are being sued by considering they have been interacting with "Zwei" for several years.

Lastly, Plaintiff's name is not necessary for the public to understand the outcome of this case. The public has an interest in seeing this case proceed because of the issues surrounding cyberbullying on the Internet that this case brings to the forefront.

Thus, with the threat of severe retaliation, Plaintiff brings this Motion to protect her from retaliatory harm, harassment, and to preserve her identity as a matter of sensitive and highly personal information.

### II.    ARGUMENT

#### a.  There is Legal Authority in This Circuit to Support this Request.

Rule 10 of the Federal Rules of Civil Procedure requires that every complaint must

3

**COMPLAINT**

1    include the name of all parties. Fed. R. Civ. P. 10(a). Rule 17 further provides that an

2    "action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P.

3    17(a)(1). Nevertheless, many federal courts, including the Ninth Circuit, have permitted

4    parties to proceed anonymously "when special circumstances justify secrecy." <u>Does I</u>

5    <u>thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1067 (9th Cir. 2000). The Ninth

6    Circuit allows pseudonyms in cases where it is necessary "to protect a person from

7    harassment, injury, ridicule or personal embarrassment." <u>United States v. Doe</u>, 655 F.2d

8    920, 922 n.1 (9th Cir. 1980). Courts must balance the need for anonymity against the

9    "general presumption that parties' identities are public information and the risk of

10   unfairness to the opposing party." <u>Advanced Textile Corp.</u>, 214 F.3d at 1068.

11         The Ninth Circuit in <u>Advanced Textile Corp.</u> identified three situations where

12   plaintiffs are permitted to use pseudonyms, two of which are (1) "when identification

13   creates a risk of retaliatory physical or mental harm" and (2) when anonymity is

14   necessary "to preserve privacy in a matter of sensitive and highly personal nature" <u>Id</u>.

15   The following factors must be evaluated by the district court to determine the need for

16   anonymity: (1) the severity of the threatened harm, (2) the reasonableness of the

17   anonymous party's fears, and (3) the anonymous party's vulnerability to such retaliation.

18   <u>Id.</u> Those factors are then coupled with the determination of "whether the public's

19   interest in the case would be best served by requiring that the litigants reveal their

20   identities." <u>Id.</u>

21         b.    **The Threatened Harm against Plaintiff is Severe because It Has**

22               **Already Caused Plaintiff to Attempt Suicide Twice.**

23         To prove plaintiffs' fears of retaliation, "plaintiffs do not need to prove that they

24   face a danger of physical injury." <u>Advanced Textile Corp.</u>, 214 F.3d at 1071.

25   Additionally, "Article III's standing requirement does not prevent a court from allowing

26   plaintiffs to proceed anonymously simply because plaintiffs seek to protect themselves

27   from retaliation by third parties." Id. at 1070.

28

1    In Advanced Textiles Corp., the district court concluded that Article III's standing

2  requirement barred them from "redressing injuries inflicted by third parties" thus not

3  allowing plaintiffs to use third party retaliation in their argument for anonymity. Id.

4  However, the appellate court stated that "the district court erred as a matter of law by

5  refusing to take into account evidence of threatened retaliation by" third parties. Id. They

6  explained that the appellate court and others "have concealed parties' identities in order

7  to protect them from retaliation by" those outside the case. Id. Thus, the plaintiffs were

8  allowed to ask the court to take into consideration the severity of the threatened

9  retaliation by third parties. Id.

10    Like the court in Advanced Textiles Corp. that took into consideration evidence of

11  threatened retaliation by parties not in the case, this Court should take into consideration

12  the repeated online threats from not only the Defendants, but others within the

13  "Cyberpunk 2077" community as well, as is set forth in paragraphs 13-16, 19-42 of the

14  Complaint filed concurrently herewith. Examples of this harassment are set forth in

15  Exhibits 2, 3, 6-8, and 10 thereto. Plaintiff has been on the receiving end of a slew of

16  hateful posts, tweets, and blogs for over two years now. Doe Decl. ¶3. As more fully

17  alleged in the Complaint, these statements have been defamatory, derogatory, and have

18  threatened Plaintiff's safety. The obloquy has been so severe that Plaintiff has attempted

19  suicide two separate times with the most recent being in July of 2024. See Doe Decl. ¶¶6,

20  11; Complaint ¶¶23, 42, Exhibits 9, 10. Because the severity of the threatened harm is

21  great and because she fears for her own safety as well as her mental health, Plaintiff

22  should be allowed to proceed under a pseudonym to protect her from the continued

23  threats and abuse.

24    **c.    Plaintiff's Fears of Retaliatory Harm are Reasonable because the**

25    **Online Hate Has Not Relented and Have Sporadically Ratcheted Up.**

26    A plaintiff's fears may be considered reasonable if there is corroborating evidence

27  to substantiate their claims. Doe v. Hillsborough Twp. Bd. of Educ., Civil Action No. 23-

28

5

**COMPLAINT**

22597 (GC) (TJB), 2024 U.S. Dist. LEXIS 156329, at *22 (D.N.J. Aug. 30, 2024).

Without additional evidence, a plaintiff's fear "is speculative and not reasonable." Id.

"Plaintiffs are not required to prove that the defendants intend to carry out the threatened

retaliation." Advanced Textile Corp., 214 F.3d at 1071. "What is relevant is that plaintiffs

were threatened, and that a reasonable person would believe that the threat might actually

be carried out." Id.

      In Doe v. Hillsborough Twp. Bd. of Educ., the plaintiff claimed that without a

pseudonym, he and his wife would suffer more mental health issues. 2024 U.S. Dist.

LEXIS 156329, at *22. The court ruled that their fears were unreasonable because they

were unsubstantiated by any corroborating evidence such as exhibits or affidavits. Id. The

court explained that, absent more information, the plaintiff's reasoning was conclusory

and not reasonable enough to entitle him to use a pseudonym. Id.

      Unlike the plaintiff in Doe v. Hillsborough Twp. Bd. of Educ. who provided

unsubstantiated reasons for his fear of retaliation, Plaintiff's fears of retaliation are

reasonable as can be shown by clear and convincing evidence. Many of the threats and

bullying that have occurred were posted on public social media sites such as X, *Tumblr*,

and *NexusMods*. Complaint Exhibits 1-3, 6-8, 10. Though some have been deleted (See

Complaint ¶¶16, 20, Exhibit 2), Plaintiff has collected screenshots and files of the

abusive and threatening posts. Some of these are set forth in the Complaint Exhibits 2

("the two-faced hypocrites like Zwei, [], [], and [] who will only smear you behind your

back and spread rumors about you in order to blacklist you, despite being the shitty

perpetrators 90% of the time"), 3 ("[Zwei is] the most toxic modder in the entire cp

community and manipulates, bullies and runs players out of the fandom, she's a massive

narcissist and attention w***e"), and 7 ("you as well should have a problem with Zwei

being a serial abuser to so many people within the community"). Additionally, Plaintiff

has provided direct evidence of her mental health as shown through medical records

related to her second suicide attempt. Complaint ¶42, Exhibit 9. Thus, it is reasonable for

**COMPLAINT**

1  Plaintiff to be in fear of her mental health and safety as can be proven by supporting

2  evidence.

3      **d.      Plaintiff is Vulnerable to Retaliation due to the Inherent Social**

4          **Stigmatization that Will Follow Her.**

5      "Courts have permitted plaintiffs to use pseudonyms … when anonymity is

6  necessary to preserve privacy in a matter of sensitive and highly personal nature."

7  Advanced Textile Corp., 214 F.3d at 1068. An example of a matter of sensitive and

8  highly personal nature is one that involves a plaintiff's mental health state. Doe v.

9  Provident Life & Accident Ins. Co., 176 F.R.D. 464, 468-69 (E.D. Pa. 1997). The stigma

10  that follows one that has had a mental health evaluation "may have unforeseen

11  consequences for employment, social networking, [and] even romantic attachments." Roe

12  v. United States, No. 1:19-cv-00270-DAD-BAM, 2020 U.S. Dist. LEXIS 29323, at *5

13  (E.D. Cal. Feb. 19, 2020).

14      In Roe v. United States, the plaintiffs moved to proceed using pseudonyms because

15  the case involved their mental health evaluations. Id. at *4. The court allowed the

16  plaintiffs to use pseudonyms because their fears that proceeding with their true identities

17  in the action "would subject them to social stigmatization are reasonable and weighs in

18  favor of the granting of their motion." Id. at *7. The court explained that such mental

19  health evaluations "inherently carry a high risk of social stigmatization" because they

20  indicate that "the person is [not] of sound mind, and … [is] a threat to herself or others."

21  Id. at *6.

22      Like the plaintiffs in Roe v. United States whose mental health evaluations were a

23  part of the case, the Plaintiff's suicide attempts are a part of this case. Each suicide

24  attempt that Plaintiff went through was directly linked to the constant bullying Plaintiff

25  was receiving from the Defendants and others within the "Cyberpunk 2077" community.

26  Doe Decl. ¶¶6, 11; Complaint ¶¶23, 42. Plaintiff should be able to proceed under a

27  pseudonym due to the stigma that will inevitably follow her should her real name be

28

7

**COMPLAINT**

1    used, and people know of her mental health state.

2       e. **Defendants Will Not Be Prejudiced by Not Having Plaintiff's Real**

3         **Name because They Already Interact with Her Online via Her Online**

4         **Name, "Zwei."**

5       A plaintiff's fears must "outweigh possible prejudice to defendants – however

6    minimal that prejudice might be." Doe v. Kamehameha Sch., 596 F.3d 1036, 1045 (9th

7    Cir. 2010). The "knowledge defendants have of plaintiffs' identities … lessens their

8    claims to be prejudiced by the use of pseudonyms." Advanced Textile Corp., 214 F.3d at

9    1069 n.11.

10       Here, Plaintiff goes by the persona Zwei in the "Cyberpunk 2077" community.

11    Doe Decl. ¶2; Complaint ¶8. It is with this name only that she has interacted with

12    Defendants and others online. This name is included in the Complaint as well as in many

13    exhibits. Thus, Defendants will know who it is they are being sued by and which of their

14    posts are being scrutinized. Because of this, Defendants will not be prejudiced by not

15    having Plaintiff's real name because they are familiar with Plaintiff's online persona,

16    Zwei.

17       f. Disguising Plaintiff's Identity Will Not Obstruct Public Scrutiny of the

18         Important Issues in This Case because The Public Presumably Has a Strong

19         Interest in Seeing This Case Proceed.

20       "Balancing the public interest inquiry requires an explanation for 'how disguising

21    plaintiffs' identifies will obstruct public scrutiny of the important issues in this case.'"

22    Q.R. v. Coopersurgical, Inc., No. 24-cv-00689-RS, 2024 U.S. Dist. LEXIS 47575, at *2

23    (N.D. Cal. Mar. 18, 2024) (quoting Advanced Textile Corp., 214 F.3d at 1072). Courts do

24    not take lightly keeping information from the public record. "Open courts and open

25    judicial records are fundamental to the very idea of the rule of law." Roes 1-2 v. SFBSC

26    Mgmt., LLC, 77 F. Supp. 3d 990, 996 (N.D. Cal. 2015). However, there are cases where

27    "there is nothing about the plaintiffs' identities that makes it critical to the working of

28

8

**COMPLAINT**

1  justice to reveal those identities." Id. The identity of a plaintiff is not always necessary in

2  certain cases because "the basic facts …, the court's reasoning, and the resulting interplay

3  of those things … will be open to the public. And that is the crucial thing." Id.

4      In Advanced Textile Corp., the district court did not allow the plaintiffs to use

5  pseudonyms because they concluded that "the public interest would be served by

6  requiring plaintiffs to reveal their identities." Id. at 1072. However, the appellate court

7  failed to see how disguising the plaintiffs' identities would obstruct public scrutiny of the

8  important issues in the case. Id. The court explained that the public had an interest in

9  seeing the case on the merits and thus allowed plaintiffs to use pseudonyms to enable the

10 case to go forward. Id. at 1073.

11     Like the issues in Advanced Textile Corp. that the public had an interest in seeing

12 be decided on the merits, the public has an interest in seeing the issues in this case be

13 decided on the merits because of the growing concerns with cyberbullying in today's

14 technological age. As more and more people become exposed to unrestricted Internet

15 access, it is important for society to know and understand the repercussions cyberbullying

16 can have on not only the abusers, but the abused as well. This case will be a good

17 example as to how one's words online can have real-world consequences, something that

18 needs to be instilled in today's society. Knowing exactly who the Plaintiff is will not be

19 necessary for the public to understand the implications this case will have.

20     III.    **CONCLUSION**

21 For all these reasons, good cause warrants Plaintiff to use a pseudonym in this case.

22

23 Dated: April 1, 2025                    Respectfully submitted,

24                                         **LOWE & ASSOCIATES, P.C.**

25

26                                         _____/s/Steven T. Lowe_____

27                                         Steven T. Lowe, Esq.
                                           Attorney for Plaintiff
28                                              9

**COMPLAINT**