1
2
3
4                         UNITED STATES DISTRICT COURT
5                        NORTHERN DISTRICT OF CALIFORNIA
6
7    JANE DOE,                              Case No. 25-cv-03001-SK
8                   Plaintiff,
9         v.                               **ORDER ON ADMINISTRATIVE
                                            MOTION TO PROCEED
10   LEILANI JOY GACUTAN, et al.,           ANONYMOUSLY**
11                 Defendants.              Regarding Docket No. 5
12           Now before the Court is Plaintiff's administrative motion to proceed under a pseudonym.

13   "The normal presumption in litigation is that parties must use their real names." *Doe v.*

14   *Kamehameha Schs./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010).  Parties

15   may proceed pseudonymously only "in the 'unusual case' when nondisclosure of the party's

16   identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal

17   embarrassment." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir.

18   2000) (alteration in original) (quoting *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir.

     1981)).
19
             Threats of harm "present[ ] the paradigmatic case for allowing anonymity." *Kamehameha*,
20
     596 F.3d at 1043.  Where a party seeks to proceed anonymously on the basis of retaliatory harm,
21
     "a district court must balance five factors: '(1) the severity of the threatened harm, (2) the
22
     reasonableness of the anonymous party's fears, . . . (3) the anonymous party's vulnerability to such
23
     retaliation,' (4) the prejudice to the opposing party, and (5) the public interest." *Id.* at 1042
24
     (quoting *Advanced Textile*, 214 F.3d at 1068).
25
             Here, Plaintiff submits a declaration attesting to her fear of being harmed.  The declaration
26
     is signed by "Jane Doe."  Plaintiff must submit a declaration under her actual name, signed with
27
     her actual name, and she may lodge the declaration under seal with an accompanying motion to
28
     seal pursuant to the Civil Local Rules of this Court.

United States District Court
Northern District of California

In addition, Plaintiff does not state if she uses her name publicly in the interactions with Defendants or elsewhere or whether Defendants would be able to link her "persona Zwei" to her actual name even if she did not disclose it in this litigation.  Plaintiff shall provide such additional information by no later than April 21, 2025.

The Court RESERVES RULING on Plaintiff's motion to proceed under a pseudonym until it receives and considers this additional information.

**IT IS SO ORDERED**.

Dated: April 14, 2025



SALLIE KIM
United States Magistrate Judge