**LOWE & ASSOCIATES, P.C.**
Steven T. Lowe, Esq. (SBN 122208)
steven@lowelaw.com
8383 Wilshire Blvd, Suite 1038
Beverly Hills, California 90211
Telephone: (310) 477-5811
Facsimile: (310) 477-7672

Attorney for Plaintiff,
Jane Doe

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>LEILANI JOY GACUTAN, an individual; MONIKA SWOBODA, an individual; JULIEN DUFRESNE, an individual; and ŁUCJA MATUSIAK, an individual<br><br>　　　　　　　Defendants. | Case No.: 25-cv-03001-SK<br><br>**PLAINTIFF JANE DOE'S APPLICATION TO FILE UNDER SEAL DOCUMENTS IN SUPPORT OF PLAINTIFF'S MOTION TO FILE PSEUDONYMOUSLY**<br><br>**[Declaration of Steven T. Lowe, Proposed Order Filed Concurrently]**<br><br>Action Filed: April 1, 2025 |

- i -

PLAINTIFF'S APPLICATION TO FILE UNDER SEAL

Pursuant to Local Rules 79-5 and 7-11, Plaintiff Jane Doe hereby files this Application for leave to file under seal her two declarations supporting Plaintiff's Motion to File Pseudonymously ("the Motion"). Plaintiff wants to proceed through the case under the pseudonym "Jane Doe" for fear of retaliation by the Defendants if they had access to her real identity. The declarations are signed using Plaintiff's real name as required by the court. Plaintiff files this application for leave to file under seal and requests the court order that the declarations in support of the Motion containing Plaintiff's true name be filed under seal.

## I.   IDENTITY OF DESIGNATING PARTY AND DOCUMENTS REQUESTED TO BE FILED UNDER SEAL

In support of the arguments made in the Motion, Plaintiff seeks to file concurrently with her Motion two declarations signed with her real name with one containing an exhibit using her real name in connection with another case. The documents to be sealed include the following:

- Plaintiff's declaration in support of Plaintiff's Motion to File Pseudonymously;
- Plaintiff's supplemental declaration in support of Plaintiff's Motion to File Pseudonymously;
- Portions of Plaintiff's Restraining Order (**Exhibit C** to Plaintiff's Supplemental Declaration).

## II.   BACKGROUND

Plaintiff's Complaint alleges that the Defendants published hateful and defamatory posts on social media websites within the "Cyberpunk 2077" community (of which Plaintiff is a prominent member). Plaintiff made claims against the Defendants for defamation, intentional infliction of emotional distress, civil harassment, stalking, and unfair business practices/false advertising.

The subject matter of Plaintiff's claims involves, *inter alia*, cyberbullying by the Defendants and others within the online community that have caused Plaintiff to fear for her safety. The posts have been relentless over an extended period of time

causing Plaintiff to attempt suicide on two separate occasions. Because of the immense abuse Plaintiff has received, she wishes for her real name to be kept from the Defendants for fear that if her real name is known, the Defendants and others will be able to attack her in a more direct and personal way.

### III.   LEGAL STANDARD

In evaluating a motion to seal documents filed with the court, the district court must "weigh[] the interests advanced by the parties in the light of the public interest and the duty of the courts." <u>Nixon v. Warner Communications, Inc.</u>, 435 U.S. 589, 602 (1978). For materials related to non-dispositive motions, there must be a showing of "good cause" for filing documents under seal. <u>Pintos v. Pacific Creditors Ass'n</u>, 605 F.3d 665, 678 (9th Cir. 2010) (explaining that the public interest in accessing non-dispositive materials is not as forceful as the interest in accessing dispositive materials, and that a "good cause" standard applies). The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1210-11 (9th Cir. 2002); <u>Beckman Indus., Inc. v. International Ins. Co.</u>, 996 F.2d 470, 476 (9th Cir. 1992) (broad allegations of harm without reference to specific examples or articulated reasoning do not meet the "good cause" standard).

### IV.   THE DECLARATIONS IN SUPPORT OF THE MOTION AND EXHIBIT C OF THE SUPPLEMENTAL DECLARATION SHOULD BE FILED UNDER SEAL BECAUSE THEY CONTAIN PLAINTIFF'S ACTUAL NAME

Here, there are compelling reasons to grant this Application that outweigh the presumption of access to judicial records. See <u>Kamakana v. City of Honolulu</u>, 447 F.3d 1172 (9th Cir. 2006). Those reasons are set forth in more detail in the Motion filed on April 3, 2025.

Plaintiff is filing her Motion to File Pseudonymously. In support of her arguments made in the Motion, Plaintiff seeks to file concurrently with the Motion

her declaration and her supplemental declaration both signed by her real name, along with an exhibit to the supplemental declaration containing Plaintiff's real name in connection with another case, pursuant to the Court's request.

The public has a strong interest in seeing this case be decided on the merits because of the growing concerns with cyberbullying in today's technological age. It is important for society to see the real-world consequences cyberbullying can have on not only the abused, but the abusers as well. However, having a party's true name, especially the party being abused by the cyberbullying, will not affect the public's ability to view and understand the outcome. The public will still see this case on the merits and sealing the requested documents will not prevent this as they will only obstruct the public from viewing Plaintiff's true name.

Additionally, Plaintiff's fear of retaliatory harm is reasonable because the online hate has been ongoing for over two years and has already greatly affected her mental health. The obloquy Plaintiff has been subjected to has been so severe that she has attempted suicide two separate times with the most recent being in July of 2024. *See* Complaint ¶¶ 23, 42, Exhibits 9, 10. Throughout the years, Plaintiff has collected screenshots and files of the abusive and threatening posts that have been posted on public social media sites such as *X*, *Tumblr*, and *NexusMods*. *See* Complaint Exhibits 1-3, 6-8, 10. Thus, Plaintiff's real name should be kept from the public and the Defendants due to the stigma that will inevitably follow her should her real name be used and people know of her mental state.

Plaintiff's request cannot be achieved in less restrictive alternatives because if her name is revealed to the Defendants or the public in any capacity, she is at risk of being attacked in a much more direct and personal way than has already been perpetrated.

This request is narrowly tailored to include only the documents and portions thereof that contain Plaintiff's true name and other identifying information.

While the public may be interested simply because this matter shows how one's words online can have real-world consequences, the publicly filed portion of the declarations should sufficiently enable the public to satisfy such an interest.

Accordingly, Plaintiff respectfully requests that the Court issue an order permitting the filing under seal of the documents referenced above.

## V.    CONCLUSION

Plaintiff requests that the Court order these documents be filed under seal for the reasons articulated above.

Dated: April 21, 2025                    Respectfully submitted,

LOWE & ASSOCIATES, P.C.


    /s/ Steven T. Lowe
Steven T. Lowe, Esq.
Attorney for Plaintiff