UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISA TAYTS,<br><br>        Plaintiff,<br><br>    v.<br><br>LEILANI JOY GACUTAN, et al.,<br><br>        Defendants. | Case No. 3:25-cv-03001-JSC<br><br>**ORDER RE: DEFENDANT KYLE JAMES ERVIN'S MOTION TO DISMISS AND MOTION TO AMEND**<br><br>Re: Dkt. Nos. 13, 23 |

      Plaintiff filed this action alleging defamation, harassment, and cyberbullying against Defendants Leilani Joy Gacutan, Monika Swoboda, Julien Dufresne, and Lucja Matusiak. (Dkt. No. 1.) Before any defendant appeared or responded to the Complaint, Plaintiff filed an Amended Complaint adding Kyle James Ervin as a defendant. (Dkt. No. 12.) Three days later, Mr. Ervin, who is representing himself, filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1), (3), (6). (Dkt. No. 13.) Less than two weeks later and before the deadline for Plaintiff to respond to the motion to dismiss, Mr. Ervin filed a motion to amend his motion to dismiss to include argument as to dismissal under Rule 12(b)(2) for lack of personal jurisdiction. (Dkt. No. 23.) Plaintiff opposes the motion to dismiss arguing it is procedurally improper and Defendant has waived any personal jurisdiction argument and consented to the Court's jurisdiction over him. (Dkt. No. 25.)

      Rule 12(h) provides personal jurisdiction, among other defenses, is waived, if "not include[d] in a responsive pleading." *See* Fed. R. Civ. P. 12(h)(1)(B)(ii). While Mr. Ervin failed to include personal jurisdiction in his initial motion to dismiss, given his unrepresented status and that his request to amend the motion came before Plaintiff's deadline to respond to the motion and before the Court had considered the motion, amendment of the motion to include this additional

basis is proper. "The essence of Rule 12—embodied in the combined language of 12(g) and 12(h)—is that a party 'who by motion invites the court to pass upon a threshold defense should bring forward all the specified defenses" including personal jurisdiction "and thus allow the court to do a reasonably complete job." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107 (9th Cir. 2000), as amended on denial of reh'g (Nov. 1, 2000) (quoting Fed. R. Civ. P. 12 advisory committee's note, 1966 Amendment, subdivision (h)).

Accordingly, Mr. Ervin shall file his amended motion to dismiss by July 24, 2025. Plaintiff's opposition is due August 7, 2025, and Mr. Ervin's reply is due August 14, 2025. The motion shall be heard August 28, 2025 at 10:00 a.m. in Courtroom 8, 450 Golden Gate Ave., San Francisco, California.

The Court CONTINUES Plaintiff's motion to conduct early discovery to August 28, 2025 to be heard with the motion to dismiss.

Any party wishing to appear remotely for the hearing shall follow the procedure set forth in the Court's Standing Order.

As Mr. Ervin is without representation by a lawyer, he may wish to contact the Legal Help Center for free assistance; he can make an appointment by calling 415-782-8982 or emailing fedpro@sfbar.org.

This Order disposes of Docket Nos. 13, 23.

**IT IS SO ORDERED.**

Dated: July 22, 2025

JACQUELINE SCOTT CORLEY
United States District Judge