UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ALISA TAYTS, | Case No. 3:25-cv-03001-JSC |
|---|---|
| Plaintiff, | |
| v. | **ORDER RE: DEFENDANT ERVIN'S MOTION TO DISMISS AND ORDER TO SHOW CAUSE AS TO DIVERSITY JURISDICTION** |
| LEILANI JOY GACUTAN, et al., | |
| Defendants. | Re: Dkt. No. 42 |

Alisa Tayts brings defamation and assorted state law claims against five Defendants regarding statements she alleges these Defendants made about her online.  (Dkt. No. 12.[1]) Plaintiff also brings a federal claim under 15 U.S.C. § 6851 against Defendant Kyle James Ervin. (*Id*. at ¶¶ 148-158.)  Of the five Defendants, only two have appeared: Leilani Joy Gacutan and Kyle James Ervin.  The other three Defendants have not appeared and are alleged to be foreign citizens.  (*Id*. at ¶¶ 3-5.)  Both Ms. Gacutan and Mr. Ervin have moved to dismiss and Plaintiff has moved for early discovery seeking to obtain information regarding 32 social media accounts. (Dkt. Nos. 37, 42, 65.)  This Order addresses Mr. Ervin's motion only.  Mr. Ervin, who is representing himself, moves to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(6) for lack of subject matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to state a claim.  Having reviewed the parties' submissions and the relevant authority, Plaintiff is ORDERED TO SHOW CAUSE as to diversity jurisdiction.

//

//

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

**DISCUSSION**

"Federal courts are courts of limited jurisdiction. They possess only the power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "In 28 U.S.C. §§ 1331 and 1332(a), Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331," which is known as "federal-question jurisdiction," and "cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties, § 1332(a)," which is known as diversity jurisdiction. *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). Since Plaintiff filed this lawsuit in federal court, she "bears the burden of establishing subject matter jurisdiction." *Ashoff v. City of Ukiah*, 130 F.3d 409, 410 (9th Cir. 1997). Plaintiff invoked both diversity and federal question jurisdiction when she filed this action in federal court. (Dkt. No. 12 at ¶¶ 7-8.) Mr. Ervin insists neither basis for jurisdiction exists here.

Federal question jurisdiction is based on Plaintiff's claim against Mr. Ervin under 15 U.S.C. § 6851. (*Id.* at ¶¶ 8, 148-158.) Section 6851(b)(1)(A) allows an individual to bring a civil claim against a person who discloses without consent an intimate visual depiction of another individual in or affecting interstate or foreign commerce or using a means of interstate or foreign commerce. Mr. Ervin moved to dismiss that claim for failure to state a claim arguing Plaintiff "relies entirely on conclusory allegations" and the statute is "facially inapplicable." (Dkt. No. 42 at 7, 10.) "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating); *see also Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 644 (9th Cir. 2014), as amended (Jan. 26, 2015) (rejecting argument "[c]onclusory allegations that merely recite the statutory language are adequate."). Plaintiff has not alleged any facts that plausibly support a Section 6851 claim; so it must be dismissed. Further, the dismissal is without leave to amend as Plaintiff did not oppose Mr. Ervin's motion to dismiss her Section 6851 claim and is thus deemed to have abandoned the claim. *See Walsh v. Nevada Dep't of Hum. Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (finding a plaintiff abandons a claim when the plaintiff fails to oppose dismissal of the claim).

Having dismissed the lone federal claim, the sole basis for subject matter jurisdiction is

diversity jurisdiction. While even if there was not diversity jurisdiction the Court could exercise supplemental jurisdiction to maintain the state-law claims in this federal court, given the early stage of the case the Court would dismiss the state law claims without prejudice to being asserted in state court. *See* 28 U.S.C. § 1367(c)(3); *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001) (district court may decline to exercise supplemental jurisdiction over state law claims if all claims over which it has original jurisdiction have been dismissed); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted), superseded on other grounds as stated in *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 40 (2025) (holding "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction."). So, the Court must decide if there is diversity jurisdiction.

The First Amended Complaint alleges complete diversity between the parties. Plaintiff alleges she is a resident of Texas, and Defendants are alleged to be residents of California, Washington, England, France, and Poland, respectively. (Dkt. No. 12 at ¶¶ 1-6.) However, in response to Mr. Ervin's motion to dismiss for lack of personal jurisdiction, Plaintiff submitted a declaration attesting that contrary to her First Amended Complaint allegations, she was a resident of California throughout her relationship with Mr. Ervin (and thus at the time of the allegations underlying the First Amended Complaint). (*Compare* Dkt. No. 12 at ¶ 1 ("Plaintiff is, and at all times herein relevant was, an individual residing and doing business in San Antonio, Texas.") *with* Dkt. No. 51, Tayts Decl. at ¶ 2 ("I lived [in Los Angeles] until August 2024 when I moved to San Antonio, Texas due to Defendant Ervin (and others) knowing my address in California.").) Mr. Ervin challenges Plaintiff's allegations as to her domicile arguing there is no "competent evidence" to support a Texas domicile as all the exhibits to her filings confirm a California domicile. (Dkt. No. 52 at 3 (citing Dkt. No. 12-1 at pp. 39-57).)

For the purposes of diversity jurisdiction, a person is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed. *Lew v. Moss*, 797 F.2d 747, 750 (1986). "[A] person is 'domiciled' in a location where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Id.* at

3

749-50 (citations omitted); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). The determination of an individual's domicile involves several factors including "current residence, voting registration and voting practices, location of personal and real property, location of brokerage and bank accounts, location of spouse and family ... driver's license and automobile registration, and payment of taxes." *Lew*, 797 F.2d at 749.

Given Plaintiff's contradictory allegations regarding her residency, she is ORDERED TO SHOW CAUSE as to her domicile and the basis for diversity jurisdiction. Plaintiff shall file a written response to this Order by November 20, 2025. Mr. Ervin (and any other Defendant) may file a response by December 4, 2025, and shall address whether jurisdictional discovery is necessary to resolve this dispute.

Mr. Ervin is reminded that as he is proceeding without representation by a lawyer he may contact the Legal Help Center for free assistance by calling 415-782-8982 or emailing fedpro@sfbar.org.

In light of this Order, the November 13, 2025 hearing is VACATED. All pending motions are held in abeyance until disposition of this Order to Show Cause.

**IT IS SO ORDERED.**

Dated: November 7, 2025

JACQUELINE SCOTT CORLEY
United States District Judge

4